**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:    ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, MAYRA GARCIA, and ZACHARY WERLHOF, on Behalf of Themselves and all Others Similarly Situated,<br><br>                                Plaintiffs,<br><br>        v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>                                Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Kinaya Hewlett, Mayra Garcia, and Zachary Werlhof ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.      Between February and March 2016 Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("Defendant" or "Holiday") made unsolicited and harassing telemarketing calls to Plaintiffs on their cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice.  Plaintiffs did not give Holiday prior express written consent to make these calls.

2.      Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an autodialer and/or artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.      Plaintiff Kinaya Hewlett is, and at all times mentioned herein was, a resident of Sacramento, California, and a citizen of the State of California.

4.      Plaintiff Mayra Garcia is, and at all times mentioned herein was, a resident of Hawthorne, California, and a citizen of the State of California.

5.      Plaintiff Zachary Werlhof is, and at all times mentioned herein was, a resident of, Oakdale, California, and a citizen of the State of California.

6.      Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line is a Florida corporation with its principal place of business located at 2121 W. Oakland Park Blvd., Suite 1, Fort Lauderdale, Florida 33311.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

1  U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

2  here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed

3  class have a different citizenship from Defendant; and (c) the claims of the proposed class

4  members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C.

5  § 1332(d)(2) and (6).

6       8.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331

7  because this action involves violations of a federal statute, the TCPA.

8       9.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts

9  significant business within this District, Plaintiffs Hewlett and Werlhof reside within this District,

10  and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

11  <u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

12  **A.**    **The Telephone Consumer Protection Act Of 1991**

13       10.    In 1991, Congress enacted the TCPA in response to a growing number of consumer

14  complaints regarding certain telemarketing practices.

15       11.    Among other things, the TCPA prohibits "initiat[ing] any telephone call to any

16  residential telephone line using an artificial or prerecorded voice to deliver a message without the

17  prior express consent of the called party. . . ."

18       12.    According to findings by the Federal Communications Commission ("FCC"), such

19  calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of

20  privacy than live solicitation calls, and such calls are costly and inconvenient.

21       13.    The FCC has issued rulings clarifying that in order to obtain an individual's consent,

22  a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.

23  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

24  consumer privacy because such consent requires conspicuous action by the consumer—providing

25  permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

26

27

28

**B.      Defendant's Robocalls to Plaintiffs and Class Members**

**Plaintiff Kinaya Hewlett**

14.      In March 2016, Defendant called Ms. Hewlett's cellular telephone nearly daily using an automatic telephone dialing system and/or artificial or prerecorded voice.

15.      The following chart details a call Defendant made to Ms. Hewlett:

| **Date** | **Time** | **Number Calling** |
|----------|----------|--------------------|
| 3/14/16  | 1:35 PM  | (916) 340-8242     |

16.      Ms. Hewlett has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant.  She never had any contact with Defendant prior to the calls at issue.

17.      Ms. Hewlett has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (916) 340-8242.

18.      When Ms. Hewlett answers calls from Defendant, she hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

19.      Ms. Hewlett has repeatedly made requests to Defendant for the calls to stop. Defendant's calls continued despite these requests.

**Plaintiff Mayra Garcia**

20.      In February 2016, Defendant called Ms. Garcia's cellular telephone repeatedly using an automatic telephone dialing system and/or artificial or prerecorded voice.

21.      The following chart details two of the calls made by Defendant to Ms. Garcia:

| **Date** | **Time** | **Number Calling** |
|----------|----------|--------------------|
| 2/16/16  | 12:15 PM | (424) 322-9560     |
| 2/17/16  | 2:47 PM  | (424) 322-9560     |

22.      Ms. Garcia has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant.  She never had any contact with Defendant prior to the calls at issue.

23.     Ms. Garcia has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (424) 322-9560.

24.     When Ms. Garcia answers calls from Defendant, she hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

25.     Ms. Garcia asked Defendant to stop calling her.  Defendant's calls continued despite her request.

**Zachary Werlhof**

26.     In March 2016, Defendant called Mr. Werlhof's cellular telephone at least 20 times using an automatic telephone dialing system and/or artificial or prerecorded voice.

27.     The following chart details three of the calls made by Defendant to Mr. Werlhof:

| **Date** | **Time** | **Number Calling** |
|----------|----------|--------------------|
| 3/4/16   | 5:09 PM  | (209) 442-6629     |
| 3/5/16   | 9:45 AM  | (209) 442-6629     |
| 3/7/16   | 2:00 PM  | (209) 442-6629     |

28.     Mr. Werlhof has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant.  He never had any contact with Defendant prior to the calls at issue.

29.     Mr. Werlhof has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (209) 442-6629.

30.     When Mr. Werlhof answers calls from Defendant, he hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

32.     Plaintiffs propose the following Class definition, subject to amendment as appropriate:

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system and/or artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

33.     Plaintiffs represent, and are a member of, the proposed Class.  Excluded from the proposed Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

34.     Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

35.     Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

36.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed Class can be identified easily through records maintained by Defendant.

37.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class.  Those common question of law and fact include, but are not limited to, the following:

    a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b.   Whether Defendant made telephone calls to class members using an automatic telephone dialing system;

    c.   Whether Defendant's conduct was knowing and/or willful;

d.   Whether Defendant is liable for damages, and the amount of such damages, and

e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

38.     As a persons who received numerous and repeated calls on their telephones through the use of an autodialer and/or artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class, and have no interests which are antagonistic to any member of the proposed Class.

39.     Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

40.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

41.     Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

42.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

43.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

45.     Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46.     Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227, *et seq.*

47.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

48.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

51.     Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

CLASS ACTION COMPLAINT                                                                                          7

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiffs are proper representatives of the class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  April 5, 2016

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
apersinger@bursor.com
ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*