GREENSPOON MARDER, P.A.
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
ROY TAUB (*admitted pro hac vice*)
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KINAYA HEWLETT, on Behalf of Herself and all Others Similarly Situated,

Plaintiff,

v.

CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,

Defendant.

Case No. 2:16-cv-00713-WBS-AC

**DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO BRIEFLY STAY DISCOVERY**

[*Filed concurrently with Memorandum of Points and Authorities and Proposed Order*]

**Hearing**
Date: August 24, 2016
Time: 10:00 a.m.
Judge: Hon. Allison Claire
Ctrm: 26, 8th Floor

NOTICE IS HEREBY GIVEN THAT on August 24, 2016, at 10:00 a.m., before the Honorable Allison Claire, in Courtroom 26 of the United States District Courthouse for the Eastern District of California, 501 I Street, Courtroom 5, 8th Floor, Sacramento, California 95814, Defendant Consolidated World Travel, Inc. will and hereby does move the Court to enter a Protective Order and briefly stay discovery. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey A. Backman and the exhibits thereto, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of hearing.

DATED: August 3, 2106

Respectfully Submitted,

GREENSPOON MARDER, P.A.

/s/ *Jeffrey A. Backman*
Richard W. Epstein
(Admitted *Pro Hac Vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Jeffrey.Backman@gmlaw.com
Roy Taub
(Admitted *Pro Hac Vice*)
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
Christine M. Reilly (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

## SERVICE LIST

BURSOR AND FISHER P.A.
L. Timothy Fisher
Annick Marie Persinger
Yeremey O. Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

Scott A. Bursor
888 Seventh Avenue
New York, NY 10019

*Attorneys for Plaintiffs*

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman

GREENSPOON MARDER, P.A.
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
ROY TAUB (*admitted pro hac vice*)
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KINAYA HEWLETT, on Behalf of Herself and all Others Similarly Situated,

Plaintiff,

v.

CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,

Defendant.

Case No. 2:16-cv-00713-WBS-AC

**DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND BRIEF STAY OF DISCOVERY**

[*Filed concurrently with Notice of Motion and Motion for Protective Order and Proposed Order*]

**Hearing**
Date: August 24, 2016
Time: 10:00 a.m.
Judge: Hon. Allison Claire
Ctrm: 26, 8th Floor

Defendant Consolidated World Travel, Inc. ("CWT"), by and through undersigned counsel, for the reasons set forth below, respectfully requests this Court enter a Protective Order briefly staying discovery until its Motion to Dismiss is resolved.

## PRELIMINARY STATEMENT

On June 24, 2016, CWT filed a Motion to Dismiss the First Amended Class Action Complaint (the "FAC," Dkt. No. 14) in this putative class action based on the lack of subject-matter jurisdiction and Plaintiff's failure to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").[1] The FAC narrowed the scope of the claims in this action by dropping two named Plaintiffs, leaving only Kinaya Hewlett, who identifies only one telephone call that she conclusorily alleges was made by CWT in violation of the TCPA. The Court will hear the Motion to Dismiss on August 22, 2016. As detailed in the Motion to Dismiss, Plaintiff fails to allege any concrete, particularized injury traceable to CWT from the one alleged telephone call, and thus fails to plausibly allege standing. And because the FAC fails to state facts sufficient to render plausible her TCPA claim against CWT, the FAC should also be dismissed for failure to state a claim.

On July 8, 2016, however, Plaintiff served CWT with onerous discovery requests, including 19 interrogatories and 49 requests for production seeking, *inter alia*, information and documents regarding virtually every aspect of telephone solicitations purportedly made by or on behalf of CWT for the four-year period preceding the filing of the FAC.[2] CWT's responses are currently due on August 8, 2016, just 14 days before the hearing date on CWT's Motion to Dismiss. For the reasons set forth below, good cause exists to issue a protective order deferring discovery until after the conclusion of motion to dismiss practice in this case. Engaging in discovery at this juncture in a putative, nationwide class-action that Plaintiff asserts over one identified telephone call would be unduly burdensome and an inefficient use of judicial resources, especially when a potentially-dispositive motion to dismiss is pending. The Supreme Court has explained that "the doors of discovery" do not open to a plaintiff until after they demonstrate they have stated a plausible claim.[3] That concern applies even more

---

[1] *See* Backman Decl., Ex. A.
[2] *See* Backman Decl., Exs. B & C.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

sharply when the Court's own subject-matter jurisdiction is also seriously called into question. Accordingly, the Court should grant CWT's Motion for a Protective Order.

## ARGUMENT

## I. THE APPLICABLE STANDARDS

Pursuant to Fed. R. Civ. P. 26(c)(1), the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery [or] specifying terms, including time and place, for the . . . discovery." Courts have "great discretion to issue protective orders denying discovery," including staying discovery pending the outcome a motion to dismiss.[4] For example, "a court may limit discovery under Fed. R. Civ. P. 26(c)(4) 'for good cause' and stay discovery when it believes that the plaintiff will be unable to state a claim for relief."[5] When deciding whether to stay discovery in light of a pending dispositive motion, courts in this District apply a two-pronged analysis: "First, a pending motion must be potentially dispositive of the entire case . . . . Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery."[6] If both factors are present, the Court should issue a protective order staying discovery.[7] Here, both factors apply, and the Court should stay discovery pending resolution of CWT's Motion to Dismiss.

## II. THE MOTION TO DISMISS IS POTENTIALLY FULLY DISPOSITIVE

First, there is no question that CWT's Motion to Dismiss is potentially dispositive of the entire case. The Motion to Dismiss contests Plaintiff's ability to establish Article III standing and therefore subject-matter jurisdiction, as well as whether she has stated a claim for relief. This is not a situation

---

[4] *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. CIV. S-10-1207 GEB GGH, 2011 WL 130228, *4 (E.D. Cal. Jan. 14, 2011) (granting motion for protective order pending motion to dismiss). *See also Hodges v. Kirscher*, No. 2:15-CV-0599-JAM-AC (PC), 2016 WL 232331, *1 (E.D. Cal. Jan. 19, 2016) (same); *Fields v. Roberts*, No. 1:06-CV-00407-AWI-GS, 2013 WL 5230034, *1 (E.D. Cal. Sept. 16, 2013) (same); *Aguiar v. Cal. Sierra Exp., Inc.*, No. CIV. S-11-2827 JAM, 2012 WL 844784, *2 (E.D. Cal. Mar. 12, 2012) (same).

[5] *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (finding good cause to defer discovery exists when the court "is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1978) (court may deny discovery where it believes plaintiff will not be able to state a claim for relief); *Sasselli v. Pena*, No. CIV S-06-2204 GEBCMK, 2008 WL 2396838, *1 (E.D. Cal. June 4, 2008) (granting stay); *Chatman v. Johnson*, No. CIVS060578MCEEFBP, 2007 WL 4212648, *1 (E.D. Cal. Nov. 27, 2007) (same).

[6] *See Cal. Sportfishing*, 2011 WL 130228 at *4.

[7] *Id.*; *see also Hodges* 2016 WL 232331 at *1; *Aguiar*, 2012 WL 844784.

where a motion to dismiss challenges just one count or issue. Rather, here the Motion to Dismiss challenges the entirety of Plaintiff's FAC, and even her ability to even bring suit before this Court. Indeed, courts in this District routinely stay discovery when, as here, a case-dispositive motion to dismiss is pending.[8]

Further, in assessing this first factor, courts "peek" at the merits of the pending motion in evaluating whether a stay should be entered.[9] This "peek" at the

> merits of the underlying motion is not intended to prejudge its outcome. Rather, . . . [the] court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case."[10]

Here, CWT's Motion is likely to succeed, and thus it would be more just to defer discovery until after the Motion's resolution.

CWT has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction (standing) and 12(b)(6) for failure to state a claim. With respect to Plaintiff's lack of standing, CWT advances two principal arguments that require dismissal under black-letter law. First, the FAC includes no allegations of fact about how Plaintiff herself, as opposed to the absent putative class members,[11] was specifically injured by the alleged telephone calls.[12] Second, the FAC should be dismissed because Plaintiffs fails to allege a concrete, particularized injury sufficient for Article III standing.[13] Numerous courts have granted motions to dismiss on this ground following *Spokeo*.[14]

---

[8] *Cal. Sportfishing,* 2011 WL 130228 at *4; *Hodges* 2016 WL 232331 at *1; *Aguiar*, 2012 WL 844784.

[9] The standard used to evaluate the merits of the dispositive motion is an unsettled area of law with conflicting lines of authority. *See*, *e.g.*, *Mlejnecky v. Olympus Imaging Am.*, 2011 WL 489743, *5-8 (E.D. Cal. 2011) (describing the competing standards as one requiring demonstration that there is a "clear possibility" the potentially-dispositive motion will be granted and the other requiring the court to be "convinced" the plaintiff cannot defeat the motion). Here, the court need not resolve this conflict because CWT satisfies the showing under either standard.

[10] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

[11] *See* FAC at ¶ 23

[12] *Accord Park-Kim v. Daikin Indus., Ltd.*, No. CV15-9523-CAS(KKX), 2016 WL 1069035, *5 (C.D. Cal. Mar. 17, 2016); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1166-67 (C.D. Cal. 2010).

[13] *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548-49 (U.S. 2016).

[14] *See, e.g.*, *Jamison v. Bank of Am., N.A.*, No. 2:16-cv-00422-KJM-AC, 2016 WL 3653456, *4 (E.D. Cal. July

Significantly, only last week the Central District of California dismissed with prejudice a *virtually identical* TCPA class action complaint filed by the same law firm.[15] In *Smith*, Judge Birotte held that the ***exact same*** allegation of injury – "Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights"[16] – conclusorily stated at most a "de minimis injury," which "is not sufficient to confer standing."[17] The same result applies here, where likewise Plaintiff identifies only one alleged telephone call.

Nor does the FAC allege facts sufficient to render plausible the conclusion that CWT had anything to do with the call Plaintiff claims to have received. Requiring CWT to respond now to extensive merits discovery requests would be burdensome, a waste of resources and contrary to efficient disposition of the case, especially when the FAC may be dismissed two weeks later.

## III. THE MOTION TO DISMISS CAN BE DECIDED WITHOUT DISCOVERY

The second factor in the analysis considers whether "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive."[18] That is the case here, as CWT's Motion to Dismiss asserts that Plaintiff failed to allege subject-matter jurisdiction and failed to state a claim. The Motion to Dismiss will

---

7, 2016) (dismissing complaint that failed to "provide factual allegations establishing any harm plaintiff suffered as a result of defendant's actions," even if they constituted statutory violations, and thus failed to assert "concrete harm"); *Sartin v. EFK Diags., Inc.*, No. CV 16-1816, 2016 WL 3598297, *3 (E.D. La. July 5, 2016) (holding that although plaintiff "plausibly alleged that defendants violated the TCPA by sending unsolicited fax advertisements, he fails to plead facts demonstrating how this statutory violation caused him concrete harm. . . . Absent supporting factual allegations, [plaintiff's] bare assurance that an unspecified injury exists is insufficient to establish Article III standing."); *Gubala v. Time Warner Cable, Inc.*, No. 15-CV-1078-PP, 2016 WL 3390415 (E.D. Wis. June 17, 2016) (dismissing lawsuit for both lack of standing and failure to state a claim); *Khan v. Children's Nat'l Health Sys.*, No. CV TDC-15-2125, 2016 WL 2946165 (D. Md. May 19, 2016) (granting in part plaintiff's motion to dismiss as plaintiff failed to sufficiently allege she suffered an actual injury-in-fact).

[15] *Smith v. Aitima Medical Equip., Inc.*, No. 16-00339-AB (DTBx) (C.D. Cal. July 29, 2016). Pursuant to Local Rule 133(i)(3), a copy of the *Smith* decision is attached hereto as Exhibit A.

[16] *Compare id.* at *5 (quoting analogous complaint allegation in *Smith*) *and* FAC at ¶ 23.

[17] Ex. A at 5-6.

[18] *Tradebay*, 278 F.R.D. 597, 608 (quoting *Hachette Distribution, v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

therefore be decided purely on issues of law.[19]

To the extent Plaintiff argues that CWT should nonetheless respond to discovery because its responses could be used in a further amended complaint, Plaintiff is incorrect and places the cart before the horse. Requiring CWT to respond to discovery would not remedy Plaintiff's deficient allegations. All of Plaintiff's discovery requests are aimed at the merits of the case and have nothing to do with Plaintiff's injury allegations.[20] Thus, CWT's responses to this discovery would be of no consequence to a yet further amended complaint. Further, Plaintiff—not CWT—would be the party in possession of additional facts regarding Plaintiff's supposed injury. As for the deficient and conclusory allegations of any misconduct by CWT, it would be improper to permit Plaintiff to subject CWT to discovery to try to obtain information about such basic, fundamental information that it has the burden of alleging in the first place. Plaintiff's failure to allege facts plausibly connecting CWT fails to state a claim. Allowing a plaintiff to fill in the factual gaps in its implausible, conclusory complaint allegations by resorting to discovery would run afoul of the principle that "[r]ule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[21]

## IV. JUDICIAL ECONOMY WEIGHS IN FAVOR OF A STAY

Additionally, judicial economy strongly weighs in favor of briefly staying discovery until after the Motion to Dismiss has been resolved, and a protective order may be entered on this basis alone.[22] Courts in this District have found that "[t]he avoidance of undue burden or expense" is good cause sufficient to issue a protective order.[23] In particular, "a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants[.]"[24] Here, Plaintiff's onerous discovery includes 19 broad interrogatories and 49 requests for production on the

---

[19] *See Tradebay, LLC*, 278 F.R.D. 597, 608 (finding motion to dismiss for lack of subject-matter jurisdiction raised purely issues of law).

[20] *See genrally* Exhibit A and B.

[21] *Niesen v. Garcia*, No. 2:14-02921 WBS DAD, 2015 WL 1768326, *3 (E.D. Cal. Apr. 17, 2015) (Shubb, J.) (quoting *Iqbal*, 556 U.S. at 678-79).

[22] *Millner v. Biter*, No. 1:13-CV-02029-SAB, 2015 WL 4167386, at *1 (E.D. Cal. July 9, 2015)

[23] *Id.* at *1.

[24] *Id.* at *1 (citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue)).

merits of this case.[25] Objecting, let alone responding, to these requests would be time consuming, expensive and would play no proper role in resolving the Motion to Dismiss. When, as here, the Plaintiff's "need for immediate discovery is outweighed by Defendant's burden in responding to Plaintiff's discovery requests[,]" the Court may issue a protective order.[26] Further, "the Ninth Circuit has held that the purpose of Rule 12(b)(6) is to enable Defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery."[27] This purpose is undermined if CWT is still required to respond to discovery requests before its Motion to Dismiss is decided.

Further weighing in favor of the requested stay of discovery is the fact that CWT seeks only a relatively minimal stay. The Motion to Dismiss is set for hearing on August 22, 2016—just 14 days after CWT would be required to respond to Plaintiff's discovery. The stay of discovery until after motion to dismiss practice is completed would not be lengthy, and Plaintiff would suffer no prejudice from such a brief stay of discovery. On the other hand, CWT would be severely prejudiced if it is required to respond to exhausting, substantive discovery only to have the FAC dismissed two weeks later.

## CONCLUSION

For the foregoing reasons, CWT respectfully requests this Court enter an order briefly staying discovery until after the conclusion of motion to dismiss practice in this case.

Dated: August 3, 2016

Respectfully Submitted,

GREENSPOON MARDER, P.A.

/s/ *Jeffrey A. Backman*

Richard W. Epstein
(Admitted *Pro Hac Vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Jeffrey.Backman@gmlaw.com
Roy Taub
(Admitted *Pro Hac Vice*)
Roy.Taub@gmlaw.com

---

[25] *See* Backman Decl., Exs. B & C.
[26] *Bey v. Hedgepeth*, No. 1:08-CV-01718, 2010 WL 3034494, *1 (E.D. Cal. Aug. 2, 2010)
[27] *Tradebay*, 278 F.R.D. at 608 (staying discovery).

200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
Christine M. Reilly (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

**SERVICE LIST**

BURSOR AND FISHER P.A.
L. Timothy Fisher
Annick Marie Persinger
Yeremey O. Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

Scott A. Bursor
888 Seventh Avenue
New York, NY 10019

*Attorneys for Plaintiffs*

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman