GREENSPOON MARDER, P.A.
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
ROY TAUB (*admitted pro hac vice*)
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KINAYA HEWLETT, on Behalf of Herself and all Others Similarly Situated,

Plaintiff,

v.

CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,

Defendant.

Case No. 2:16-cv-00713-WBS-AC

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

Plaintiff Kinaya Hewlett and Defendant Consolidated World Travel, Inc. ("CWT") (collectively, the "Parties"), submit this Agreed Protective Order Regarding Confidentiality ("Order") and have agreed to the terms conditions set forth herein, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 141.1. Accordingly, it is ORDERED:

**1. Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Purpose and Limitations**. The Parties believe that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal.

**3. Definitions.**

3.1. <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staff).

3.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are, or have been, produced or generated in disclosures or responses to discovery in this matter.

3.3 <u>Confidential: As used in this Order</u>: "Confidential" means any document, thing or information (or summaries, reports, or descriptions thereof) that any party or non-party contends is

subject to the obligation of confidentiality that otherwise is designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) material which the producing party believes, in good faith, is subject to protection under Federal Rules of Civil Procedure 26, including but not limited to documents containing unique and proprietary information regarding business models, management strategies, operating and personnel strategies, product development data, sensitive personnel information, pricing and profit margins, and confidential financial or accounting records; (b) information prohibited from disclosure by statute; (c) information that reveals trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (d) research, technical, commercial or financial information that the party has maintained as confidential; (e) personal information concerning any individual; (f) information received in confidence from third parties; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.4 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.5 Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

3.6 Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

3.7 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" pursuant to the terms of this Order.

3.8 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, along with their associated support staff.

3.9 In-House Counsel: Attorneys who are employees of a Party, along with their associated support staff.

3.10 Counsel (without qualifier): Outside Counsel and In-House Counsel (and their associated support staff).

3.11 Expert or Consultant: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes professional jury or trial consultants retained in connection with this litigation.

3.12 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**4. Duration**. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5. Designation**.

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. *The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.*[1]

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Eastern District of California unless the lawyer is appearing generally in the case on

**6. Depositions.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**7. Protection of Confidential Material.**

(a) **General Protections**. Confidential information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever, including commercial or business purposes, other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of any putative or certified class.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information.

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

---

behalf of a party. By designating documents confidential pursuant to this order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

A," but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A";

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;[2]

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(7) **Witnesses**. Witnesses in this action to whom disclosure is reasonably necessary and who shall, prior to the disclosure being made, be provided with a copy of this Protective Order and be informed that he, she, or it (and such person's counsel, if any) is bound by the terms of this Protective Order by virtue of an Order of the Court. However, in the event that counsel wishes to show any Confidential Information to a particular witness, the party who designated the documents as Confidential has the right at the deposition or hearing to object to the disclosure, which objection, if not resolved by the parties, shall be immediately raised to the magistrate judge or district judge, as appropriate.

---

[2] Only one copy of the Agreement to be Bound by Protective Order need be signed by each organization.

Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(8) **Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation).

(9) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

**8. Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**9. Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 141.

**10. No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11. Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the Movant has complied with the meet and confer requirements of this procedure.

The provisions of this section are not intended to shift the burden of establishing that information is subject to protection under this Order in the event of a dispute. The burden of establishing that information is Confidential shall be borne at all times by the party that designated the document or information Confidential Information. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. A party’s decision not to object to a designation of Confidential Information shall not be deemed an admission by any party that the document or information actually is confidential.

**12. Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion or, if the parties agree pursuant to the Magistrate Judge’s procedures, informal conference with the Magistrate Judge. Nothing in this Order or

any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13. Access to and Use of Protected Material.** A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 17, below (Obligations on Conclusion of Litigation).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**14. Use of Confidential Documents or Information at Hearings.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial. To provide advance notice to all parties and the Court and to permit them to seek any necessary relief, a party that intends to present or that anticipates that another party may present confidential Information not already cited to in briefing submitted to the Court at a hearing shall bring that issue to the Court's and parties' attention prior to its presentation. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing.

**15. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**16. Challenges by members of the public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**17. Obligations on Conclusion of Litigation.**

Within sixty (60) days following entry of final judgment in this action not subject to further appeal, further actions that are later consolidated with this action by court order or, in the event that this case is stayed as a result of a Party filing for bankruptcy, of any claims made against that Party in bankruptcy based on the subject matter of this action, each Receiving Party must return all Confidential Information to the Producing Party or destroy such material. As used in this Section, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. In addition, each Party must certify in writing its compliance with these requirements within the 60-day deadline, upon written request from any other Party. Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, hearing transcripts, legal memoranda, correspondence, trial exhibits, expert reports, attorney work-product, and Expert work product created or received by them in accordance with this Protective Order, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential information remain subject to this Protective Order.

**18. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**19. No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**20. Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**21. Miscellaneous.**

21.1 Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

21.2 Right to Assert Other Objections. Entry of this Order does not in any way prohibit a party from to objecting to disclosure or production of any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered this Order.

**22. Unauthorized Disclosure of Protected Material**. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**23. Inadvertent Disclosure of Privileged Material**. The inadvertent disclosure of privileged materials shall be governed by the provisions of Federal Rule of Civil Procedure 26(b)(5)(B). If information produced in discovery is subject to a claim of privilege or of protection as trial-

preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court in the form of a noticed motion to seal pursuant to Local Civil Rules 141 and 251 for a determination of the claim. The producing party must preserve the information until the claim is resolved.

IT IS SO ORDERED on
this ___ day of December 2016

_________________________________
THE HONORABLE ALLISON CLAIRE

**WE SO MOVE and agree to abide by the terms of this Order.**

Dated: December 14, 2016

BURSOR AND FISHER, P.A.

/s/ L. Timothy Fisher

L. Timothy Fisher
ltfisher@bursor.com
Annick Marie Persinger
apersinger@bursor.com
Yeremey O. Krivoshey
ykrivoshey@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455

Scott A. Bursor
scott@bursor.com
888 Seventh Avenue
New York, NY 10019
Tel: (212) 989-9113

*Attorneys for Plaintiff*
*Kinaya Hewlett*

Respectfully Submitted,

GREENSPOON MARDER, P.A.

/s/ *Jeffrey A. Backman*

Richard W. Epstein
(Admitted *Pro Hac Vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Jeffrey.Backman@gmlaw.com
Roy Taub
(Admitted *Pro Hac Vice*)
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
Christine M. Reilly (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>Defendant. | Case No. 2:16-cv-00713-WBS-AC<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. A copy of the Confidentiality Agreement has been delivered to me to keep with my copy of this "Acknowledgement and Agreement to be Bound." The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: ________________________________

Job Title: ________________________________

Employer: ________________________________

Business Address: ________________________________

________________________________

Date:_________________________________ Signature:___________________________________
_



28422808:2 20581:0312

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

## SERVICE LIST

BURSOR AND FISHER P.A.
L. Timothy Fisher
Annick Marie Persinger
Yeremey O. Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

Scott A. Bursor
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019

*Attorneys for Plaintiffs*

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman